ALFIO ORLANDO LEWIS )
)
v. ) NO. 3:06-0069
)
TOMMY MILLS, WARDEN[1] )

TO: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By order entered June 8, 2006 (Docket Entry No. 16), the above captioned petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge for case further proceedings under Rule 8(b) of the Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and the Local Rules for Magistrate Judge Proceedings.

Presently pending before the Court is Respondent's Answer (Docket Entry No. 11). For the reasons set out below, the Court recommends that the petition for habeas corpus relief be dismissed.

## I. BACKGROUND

Petitioner is an inmate of the Tennessee Department of Correction ("TDOC") currently incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee. In July 2000, a jury in Davidson County, Tennessee, found him guilty of two counts of attempted first-degree murder and two counts of aggravated assault. At sentencing, the aggravated assault convictions were

---

[1] By order entered July 25, 2006 (Docket Entry No. 17), Tommy Mills was substituted for Virginia Lewis as Respondent.

merged into the attempted first-degree murder convictions, and Petitioner was sentenced to consecutive twelve (12) year terms of imprisonment for each of the attempted first-degree murder convictions for an effective sentence of twenty-four (24) years imprisonment.

Petitioner filed a direct appeal from his convictions. As summarized by the Tennessee Court of Criminal Appeals in its opinion affirming the convictions, the facts as adduced at trial are:

> On the evening of December 10, 1998, the Defendant entered the South Side Market and Deli on Murfreesboro Road in Nashville and purchased a frozen pizza. The South Side Market and Deli is owned and operated by two brothers, Mohammed and Sultan Hussaini. The Defendant was informed by Mohammed Hussaini that he could not use the store's microwave oven to heat the pizza because it would take between fifteen and twenty minutes and might overload the electrical circuits in the store. The Defendant became angry and a spirited argument ensued. Sultan Hussaini left the store office to try to get his brother and the Defendant to calm down. During the argument, both Mohammed Hussaini and the Defendant cursed at each other. The Defendant also threatened to return, "blow this place up," and shoot the brothers.
>
> Later that evening, the Hussaini brothers locked the store and got into their car to go home. As Sultan was starting the car, he noticed two black males coming around the corner of the store. One man was carrying a shotgun while the other was armed with a pistol. The two men began firing at the Hussaini brothers who were seated in their car. The Hussaini brothers were also armed with pistols and returned fire. The assailants fled the scene, but both brothers recognized the Defendant as the man with the pistol. The Hussaini brothers called the police, described the Defendant, and provided the police with the store surveillance video showing the Defendant in the store earlier in the evening. Both brothers identified the Defendant two weeks later in a photo lineup.
>
> While admitting that he argued with the Hussaini brothers on the day of the incident, the Defendant contended at trial that he was with his girlfriend and his cousin at the time of the shooting and was not one of the assailants. The Defendant testified that on the evening in question, he took his mother to his aunt's house and then drove around with his girlfriend and his cousin. The Defendant's mother and the Defendant both testified that he returned to his aunt's house every hour to see if his mother was ready to go home. The Defendant's girlfriend testified that she was with him all evening and that he did not return to the store to shoot the Hussaini brothers. The Defendant's girlfriend also stated that she saw no firearms on the Defendant's person or in his car all evening.

See Docket Entry No. 15, Addendum No. 4.

Petitioner's direct appeal raised the following issues: 1) insufficiency of the evidence; 2) trial court error in preventing Petitioner from testifying about an alleged statement made by another individual to Petitioner that it was he and not Petitioner who was involved in the shooting; and 3) sentencing errors. See Docket Entry No. 15, Addendum No. 2. The judgment of the trial court was affirmed by the Tennessee Court of Criminal Appeals on March 6, 2002. See Docket Entry No. 15, Addendum No. 4. The Tennessee Supreme Court denied Petitioner's application for permission to appeal on September 16, 2002. See Docket Entry No. 15, Addendum No. 7.

Petitioner then filed a petition for post-conviction relief in the state court on May 21, 2003. After an evidentiary hearing, the petition was denied by the trial court. The Tennessee Court of Criminal Appeals affirmed the decision on March 16, 2005, see Docket Entry No 15, Addendum No. 11, and Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court on October 31, 2005. See Docket Entry No. 15, Addendum No. 14.

In addition to his petition for post-conviction relief, Petitioner also pursued a petition for a writ of habeas corpus in the Davidson County Criminal Court. That petition was dismissed on October 8, 2004, and the dismissal was affirmed by the Tennessee Court of Criminal Appeals on April 14, 2005. See Docket Entry No. 15, Addendum No. 20. Petitioner did not seek further review of that decision.

Petitioner filed the instant pro se petition for federal habeas corpus relief on January 25, 2006. Petitioner presents six grounds for relief:

1. there was insufficient evidence before the jury to support the conviction;

2. the trial court erred when it did not permit him to testify about statements made by another person which were exculpatory to Petitioner;

3

3. the trial court erred by sentencing him to the maximum possible sentence and to consecutive sentences;

4. he received ineffective assistance of counsel at trial;

5. his sentence is invalid under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the sentencing court relied upon facts which were not determined by the jury;

6. he was denied access to the courts because his legal materials were destroyed by prison officials.

<u>See</u> Petition (Docket Entry No. 1).

## II. RESPONDENT'S ANSWER

Respondent concedes that Petitioner's insufficiency of the evidence claim and some of the allegations of ineffective assistance of counsel were exhausted at the state court level and are ripe for review on the merits. Respondent argues, however, that these claims fail to support habeas corpus relief.

Respondent asserts that Petitioner's claims of trial court error in the exclusion of testimony at trial and in the sentencing phase were not raised as federal, constitutional claims in the state courts and, thus, were not exhausted. Similarly, Respondent contends that some of the factual allegations of ineffective assistance of counsel were not raised at the state court level. Respondent argues that these grounds for relief have been procedurally defaulted by Plaintiff.

Respondent contends that Petitioner's claim that he was denied access to the courts when prison officials destroyed his legal materials does not present a cognizable habeas corpus claim because the alleged wrongdoing is not directed at the legality of his convictions or sentence. Finally, Respondent asserts that Petitioner's <u>Blakely</u> claim fails to provide a basis for relief.

4

## III. STANDARDS GOVERNING REVIEW OF § 2254 PETITIONS

The Court may grant the writ of habeas corpus on a claim that was adjudicated on the merits in state court only if that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir. 1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, Petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams, supra. In short, a state court judgment must be upheld unless, after an examination of the judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id.

## IV. CONCLUSIONS

Upon consideration of the Petition and Respondent's Answer, it appears that an evidentiary hearing is not required in this matter. See Sawyer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002). Therefore, the Court shall dispose of the Petition as the law and justice require. See Rule 8, Rules Governing Section 2254 Cases.

5

A. Claims of Trial Court Error

Petitioner contends that he should be granted habeas corpus relief on the claims that his Sixth and Fourteenth Amendment rights were violated because the trial court erroneously excluded parts of his testimony at trial and incorrectly sentenced him.

28 U.S.C. § 2254(b)(1) provides that an application for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the state courts. This gives the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Accordingly, Petitioner must have exhausted his state court remedies with respect to his claims before he can pursue the claims in a federal habeas corpus petition. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir. 1985).

In order to qualify as exhausted, a claim must have been presented in a form which allows the state court a full and fair opportunity to rule on the claim. Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 302-303, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990). This means that Petitioner must have presented his claim to the state courts "as a federal constitutional issue - not merely as an issue arising under state law." Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). See also Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).

In his state court proceedings, Petitioner failed to present as federal, constitutional claims his two claims that his Sixth and Fourteenth Amendment rights were violated because of error by the trial court. The brief filed in his direct appeal argued the claims only in terms of state law. See

6

Docket Entry No. 15, Addendum No. 2 at 6-9. No federal constitutional violations were argued, no federal cases were cited, and no mention was made of any federal, constitutional issues. The only legal arguments presented in support of the claims were arguments based entirely upon state law. Further, the nature of the claims themselves does not suggest that federal, constitutional claims exist. The claims simply were not presented to the state court as federal, constitutional claims and, thus, were not exhausted.

Petitioner has already filed two actions for collateral relief in the state courts and no longer has state court remedies available to him through which he can bring these claims before the state courts. See Tenn. Code Ann. § 40-30-202(a). Accordingly, the claims are deemed to be procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 752-53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Wainwright v. Sykes, 433 U.S. 72, 87-88, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The claims are therefore waived for the purposes of federal habeas corpus review unless Petitioner establishes either: 1) cause for his failure to raise the claims and actual prejudice as a result of the alleged errors, McCleskey v. Zant, 499 U.S 467, 489-90, 493-94 (1991); Wainwright, 433 U.S. at 84; or 2) makes a colorable showing that "a fundamental miscarriage of justice" would result if his claims are not heard because the alleged violations have probably resulted in the conviction of one who is actually innocent of the crime for which he was convicted. McCleskey, 499 U.S. at 494-95. See Schlup v. Delo, 513 U.S. 298, 314-15, 320-23, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Kuhlmann v. Wilson, 477 U.S. 436, 454-55, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

In the instant action, Petitioner has not set forth any factual support for a finding that cause existed to excuse his procedural default of these two claims. Additionally, he has not set forth any

evidence which supports a claim of actual innocence sufficient to excuse his procedural default. Although Petitioner asserts as a part of his claims of trial court error and ineffective assistance of counsel that a former prison inmate confessed to him that the inmate, not Petitioner, had committed the crimes, Petitioner has not provided any actual evidence in support of this assertion of innocence. An uncorroborated hearsay statement is not sufficient to support a showing of actual innocence. These two claims warrant dismissal.

B. Ineffective Assistance of Counsel

Petitioner claims that his trial counsel failed to provide him with constitutionally adequate representation. Specifically, Petitioner contends that:

    1) counsel only met with Petitioner 2-3 times;

    2) counsel did not have a strategy of defense;

    3) counsel never went over discovery with Petitioner;

    4) counsel never discussed with Petitioner his taking the stand to testify at trial;

    5) counsel did not discuss with Petitioner the possibility of his being impeached with his prior juvenile record;

    6) counsel did not prepare Petitioner prior to his testifying at trial;

    7) counsel did not discuss with Petitioner the charges, possible sentence, or strengths and weaknesses of the case against him;

    8) counsel failed to investigate the case;

    9) counsel failed to call witnesses requested by Petitioner;

    10) counsel failed to locate Anthony Hart, whose testimony would have been exculpatory;

8

11) counsel did not investigate or rebut the inconsistencies in the state witnesses' testimony;

12) counsel did not obtain or review video tapes from the store or go over these tapes with Petitioner.

See Petition (Docket Entry No. 1) at 10.

Respondent argues that the only ineffective assistance of counsel claims that Petitioner exhausted are the claims that counsel failed to investigate the case and failed to advise Petitioner of the nature of the charges and evidence against him. Respondent contends that these were the only claims raised by Petitioner in his appellate brief in his state post-conviction relief proceeding and, accordingly, are the only claims that can be considered on their merits. Respondent asserts that the other claims of ineffective assistance of counsel raised in the instant action have been procedurally defaulted because they were not raised and exhausted in the state courts.

The Court does not completely agree with Respondent. The Court has reviewed the record from Petitioner's state post-conviction relief proceeding and finds that issues Nos. 2, 4-6, and 11 were not raised before the state court. See Attachments to Docket Entry No. 15, Addendum No. 9 at 9-10. Although Petitioner made several claims of ineffective assistance of counsel, these issues were not specifically raised by Petitioner in his appellate brief as a basis for his ineffective assistance of counsel claim. A petitioner fairly presents a federal habeas claim to the state courts only if he raises "both the factual and legal basis for his claim." Hicks v. Straub, 377 F.3d 538, 552 (6th Cir. 2004) (quoting McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)). This requires the petitioner to present "the same claim under the same theory" to the state courts before raising it on federal habeas review. Id. at 552-53.

9

Case 3:06-cv-00069   Document 18   Filed 10/27/06   Page 9 of 15 PageID #: 124

For these unexhausted claims, Petitioner must satisfy the same cause and prejudice test or miscarriage of justice test set out supra at 9 in order for the claims to be reviewed. Petitioner has not shown any cause for his failure to exhaust these claims, nor has he made any showing that a miscarriage of justice will occur if the claims are not reviewed on their merits. Accordingly, the claims warrant dismissal as procedurally defaulted.

The Court finds that the remaining seven claims of ineffective assistance of counsel, issues Nos. 1, 3, 7, 8, 9, 10, and 12, as set out above, were exhausted by Petitioner. Issues Nos. 3, 7-10, and 12 were specifically raised by Petitioner in his appellate brief. See Attachments to Docket Entry No. 15, Addendum No. 9 at 9-10. The Court finds that issue No. 1, that counsel only met with Petitioner 2-3 times, is sufficiently intertwined with the issues of whether counsel advised Petitioner of the nature of the case against him and whether counsel properly investigated the case against Petitioner to be viewed as having been raised itself.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, Petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, Petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id.; Combs v. Coyle, 205 F.3d 269, 278 (6th Cir. 2000). In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny. Strickland, 466 U.S. at 689. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 369

10

113 S.Ct. 838, 122 L.Ed.2d 180 (1993). To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In addressing Petitioner's allegations of ineffective assistance of counsel, the state court reviewing these claims during Petitioner's post-conviction relief proceeding, correctly applied the holding of Strickland and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. See Attachments to Docket Entry No. 15, Addendum No. 11 at 3-5. Petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has Petitioner demonstrated in what way the legal analysis of the state court runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court's adjudication of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of federal law. Consequently, Petitioner's claim that he was denied constitutionally effective counsel has no merit.

C. Insufficiency of the Evidence

Petitioner argues that the evidence presented at trial was insufficient to establish his guilt beyond a reasonable doubt because inconsistencies existed between the testimony of the victims.

The right to due process guaranteed by the Constitution insures that no person will be made to suffer a criminal conviction except upon sufficient proof. Sufficient proof has been defined as

11

the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed .2d 560 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. 443 U.S. at 319.

In the instant action, the jury heard evidence showing that Petitioner had engaged in a heated argument with the two victims at their place of business and had threatened to "blow this place up." The jury also heard evidence that Petitioner returned to the business later that evening armed with a pistol and heard the victims identify Petitioner as one of the individuals who accosted them as they were leaving their store and who shot at them with a pistol. The evidence also showed the victims identified Petitioner in a photo lineup two weeks after the shooting. See Attachments to Docket Entry No. 4 at 1-2.

In its review of Petitioner's direct appeal, the Tennessee Court of Criminal Appeals correctly identified Jackson as the controlling law in challenges to evidentiary sufficiency. The state court analyzed the evidence against Petitioner, including evidence that: 1) Petitioner argued with and threatened the victims; 2) Petitioner returned later that night armed with a pistol; 3) the victims identified Petitioner as a person who shot at them with a pistol; and 4) physical evidence showed that the victims had been shot at by their assailants. In reviewing Petitioner's insufficiency of the evidence claim, the Tennessee Court of Criminal Appeals took into consideration that Petitioner raised the issue of inconsistencies in the testimony of the two victims but found that any questions involving the credibility of the witnesses or the weight and value to be given the evidence were issues for the trier of fact. Following its analysis, the Tennessee Court of Criminal Appeals concluded that the evidence was sufficient to support Petitioner's convictions. Id. at 2-3.

Petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state court. 28 U.S.C. § 2254(e)(1). Nor has Petitioner demonstrated in what way the legal analysis of the state court either ran contrary to or was an unreasonable application of clearly established federal law. Based upon the evidence that was presented at his trial, a rational juror could have reasonably found that Petitioner had committed the crimes of which he was convicted. Therefore, the evidence was wholly sufficient to sustain Petitioner's convictions. Any discrepancies or inconsistencies between the testimony of the witnesses were for the jury to weigh, as were any issues of credibility. This claim lacks merit.

D. Blakely Claim

Petitioner argues that, in accordance with the decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his sentence is invalid because the sentencing court relied on facts which were not determined by the jury. Specifically, Petitioner points out that the sentencing court found that he was the leader in the commission of the crime, that he was a dangerous offender, and that he had no hesitation about committing a crime when the risk to human life was high. In Blakely, the United States Supreme Court invalidated a state sentencing guideline as violative of the Sixth Amendment because it permitted the sentencing judge to increase a criminal defendant's sentence based on facts found by the judge instead of facts which were determined by the jury.

Petitioner's Blakely claim fails to support his federal habeas corpus petition because the holding in Blakely does not apply retroactively to cases that were already final on direct review at

the time Blakely was decided and which raise the Blakely issue in a proceeding for collateral relief. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005); U.S. v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005) (per curium). See also Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) (United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which extends the reasoning of Blakely to the federal sentencing guidelines, is not retroactive).[2]

Petitioner's convictions became final on September 16, 2002, when the Tennessee Supreme Court denied his application for permission to appeal. Blakely was decided on June 24, 2004. Accordingly, Petitioner's Blakely claim warrants dismissal because it cannot provide him with a basis for relief from his sentence. The state courts which reviewed this claim during Petitioner's post-conviction relief proceeding and his state habeas corpus proceeding both correctly interpreted the law to be that Blakely does not apply retroactively to challenges to a criminal sentence which are raised in collateral proceedings. See Attachments to Docket Entry No. 15, Addendum No. 11 at 5 and Addendum No. 20 at 2.

In support of his claim, Petitioner cites to Tennessee v. Harris, 2005 WL 419082 (Tenn. Crim. App. 2005), a case in which the sentence of a Tennessee criminal defendant was reduced based on the rule in Blakely. However, Harris is distinguishable from Petitioner's case because the defendant in Harris was pursuing his direct appeal and, thus, was entitled to the benefit of the Blakely ruling.

---

[2] The United States Supreme Court granted certiorari in Burton v. Waddington, No. 05-9222 (U.S. June 5, 2006), to consider whether Blakely and Booker are retroactive to cases on collateral review.

14

E. Destruction of Legal Materials Claim

This claim warrants dismissal because it does not raise a cognizable ground for habeas corpus relief. The alleged wrongdoings, which occurred in 2005 and involve the destruction of Petitioner's legal materials by prison officials, have no bearing on the legality of his convictions or sentence, which were rendered in 2000. Even if Petitioner's allegations are taken as true, the allegations do not show that he "is in custody in violation of the Constitution or law and treaties of the United States," see 28 U.S.C. § 2254, and he is not entitled to habeas corpus relief on this claim.

**R E C O M M E N D A T I O N**

Based on the foregoing, the Court respectfully RECOMMENDS the above captioned Petition for a Writ of Habeas Corpus be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                      Respectfully submitted,

                                                      JULIET GRIFFIN
                                                      United States Magistrate Judge