# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**ALFIO ORLANDO LEWIS,**          )
                                  )
    **Petitioner,**              )
                                  )
**v.**                            ) No. 3:06-0069
                                  ) JUDGE ECHOLS
**TOMMY MILLS, WARDEN,**          )
                                  )
    **Respondent.**              )

## ORDER

Pending before the Court are the October 27, 2006 Report and Recommendation ("R&R") entered by the United States Magistrate Judge (Docket Entry No. 18), Petitioner's Response to the Magistrate Judge Report and Recommendation Order (Docket Entry No. 26), the *pro se* Petition Under 28 U.S.C. § 2254 For A Writ Of Habeas Corpus By A Person In State Custody (Docket Entry No. 1), and Respondent's Answer (Docket Entry No. 11). In accordance with the Court's December 14, 2006 Order, Respondent manually filed Addenda Numbers 21 and 22, which are the transcripts of Petitioner's state court trial, sentencing, and the evidentiary hearing held in Petitioner's state post-conviction action.

The Magistrate Judge recommends that the habeas corpus petition should be denied for all of the reasons stated in the R&R. When objections are filed, this Court must make a *de novo* review of any portion of the R&R to which specific written objection has been made. The Court may then accept, reject, or modify the recommended

1

decision of the Magistrate Judge, receive further evidence, or recommit the matter to the Magistrate Judge with instructions. Fed.R.Civ.P. 72(b).

Petitioner objects only to the Magistrate Judge's determination that Blakely v. Washington, 542 U.S. 296 (2004), does not apply retroactively, and therefore, Petitioner is not entitled to relief on his Blakely sentencing claim. Although Petitioner was eligible for an eight-year sentence on each count of attempted second-degree murder, the state trial court, based on a number of state sentencing factors, sentenced Petitioner to twelve years on each count and ordered the sentences to run consecutively. Petitioner claims that the judge's fact-finding violated Apprendi v. New Jersey, 530 U.S. 466 (2000), a case which Petitioner claims he raised in his post-conviction action. Thus, he objects here on the ground that the Tennessee courts should have corrected his sentence under Apprendi and that the Magistrate Judge incorrectly rejected his Blakely claim.

Petitioner's sentencing occurred on September 13, 2000. (Addendum No. 21, Vol. 2.) The Supreme Court had decided Apprendi on June 26, 2000. Petitioner failed to raise an Apprendi claim at his sentencing or on direct appeal from his conviction and sentence. (Addenda Nos. 2-6.) Petitioner still did not raise an Apprendi claim in his post-conviction petition. He first cited Apprendi and Blakely on appeal from the denial of his post-

2

conviction petition. (Addendum No. 9.) The State contended that Petitioner waived his Apprendi claim. (Addendum No. 10.) The Tennessee Court of Criminal Appeals agreed that Petitioner had waived his Apprendi claim and held that Blakely did not apply retroactively. (Addendum No. 11, Lewis v. State, 2005 WL 639138 at *5-6 (Tenn. Crim. App. 2005).

For purposes of this federal habeas action, Petitioner procedurally defaulted his Apprendi claim in state court by failing to raise it at sentencing, on direct appeal, or in his post-conviction petition. This Court must give deference to the state appellate court's decision that Petitioner waived his Apprendi claim. The Magistrate Judge also correctly held that Blakely does not apply retroactively to sentences that were already final before Blakely was decided. The Tennessee Court of Criminal Appeals came to the same conclusion. Lewis, 2005 WL 639138 at *6.

Having carefully reviewed the entire record in this case, including the transcripts of Petitioner's trial and post-conviction evidentiary hearing, the Court finds that three minor corrections should be made to the R&R.

First, the R&R states on pages 1 and 2 that Petitioner was convicted by a jury of two counts of attempted first-degree murder. This is incorrect. Petitioner originally was charged with two counts of attempted first-degree murder, but as to both counts the

3

jury found him guilty of the lesser included offense of attempted second-degree murder.

Second, in the third line of the first full paragraph on page 7, the Court believes that the correct statutory citation is Tenn. Code Ann. § 40-30-102(a) & (c), not § 40-30-202(a).

Third, at the end of the first full paragraph on page 12, the Court believes the correct record citation is Docket Entry No. 15, Addendum 4, Opinion at 1-2, not "Attachments to Docket Entry No. 4 at 1-2."

The Magistrate Judge's analysis is in accordance with the facts of the case and the applicable law. Therefore, with the three minor corrections mentioned above, the Court rules as follows:

(1) Petitioner's objections to the Magistrate Judge Report and Recommendation Order (Docket Entry No. 26) are hereby OVERRULED.

(2) The R&R of the Magistrate Judge (Docket Entry No. 18) is hereby ACCEPTED AS MODIFIED.

(3) The Petition Under 28 U.S.C. § 2254 For A Writ Of Habeas Corpus By A Person In State Custody (Docket Entry No. 1) is hereby DENIED.

(4) This case is hereby DISMISSED WITH PREJUDICE.

(5) Entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

(6) Because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong, or that jurists of reason would find it debatable whether the Court was correct in its procedural default rulings, a Certificate of Appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

IT IS SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE